## Nick Warisse Baking Company v. National Concrete Construction Company.

(Decided February 18, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Principal and Agent—Supervising Architect has no Implied Authority to Change Written Contract for Construction.—That supervising architect was acting as plaintiff's agent in supervising work of construction did not authorize him to abrogate written contract for construction, unless he was authorized to do so by principal.

2. Principal and Agent—Evidence Held to Support Finding that Supervising Architect was Authorized to Change Construction

# Warisse Baking Co. v. Nat. Concrete Const. Co. 423

Contract to Cost Plus Basis.—Evidence held to support finding that supervising architect was authorized to make changes in contract for construction, by which contractor was to do work on basis of cost, plus commission of 10 per cent.

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

S. S. BLITZ for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Nick Warisse, doing business as the Nick Warisse Baking Company, who was the plaintiff below, and the appellee, who was the defendant below, entered into a written contract on March 25, 1919, whereby the defendant agreed to do certain construction work for plaintiff in accordance with plans and specifications which had been prepared by a firm of architects of Pittsburg, Pennsylvania.

The plaintiff owned some old buildings in which he operated a bakery and the plans and specifications, which were made a part of the written contract, were for remodeling and reconstructing these buildings. Plaintiff agreed to pay the defendant for the work the actual cost thereof plus the fixed sum of $1,500.00, the entire cost not to exceed $15,750.00, and if the cost fell below this sum, the defendant was to receive one-fourth of the saving as an additional compensation for its services. The contract further provided that plaintiff should pay for any work done or materials furnished which were not included in the plans and specifications, and that he should have credit for the omission of any work called for by the plans and specifications. Payments for the work were to be made in semi-monthly installments as the work progressed at the rate of 85% of the work done.

Plaintiff filed this action against the defendant seeking to recover the sum of $1,539.90 which he claims was an overpayment. Defendant answered controverting the averments of the petition, and in a counterclaim asked judgment for $862.93 which it claimed was still due it.

The connection of the firm of architects of Pittsburg with the work ended with the preparation of the plans and specifications, and Fred Erhart, a Louisvillee architect, was employed by plaintiff to supervise and direct the construction. A few days after starting the work the defendant and Erhart discovered that the plans and

specifications contained many errors and violated the city building code. Defendant claims that the plans and· specifications were so unsuited to plaintiff's requirements and that so many changes therein were necessary that it was impossible to continue the work under the original contract, and that by agreement the written contract was abandoned and a parol contract substituted therefor by the terms of which plaintiff was to pay de-, fendant the actual cost of the work plus a commission of 10%. Defendant admits this change in the contract was made by it and Erhart, but claims that Erhart reported the condition to plaintiff and was authorized by him to make the change.

On motion of plaintiff the case was transferred to equity and referred to the commissioner of the Jefferson circuit court to hear testimony on the issues involved. The commissioner found that the written contract had been abandoned and a verbal contract substituted therefor by the terms of which the work was to be done on a basis of cost plus a commission of 10% to the defendant, and he found there was due the defendant the sum of $773.36. Plaintiff filed exceptions to the commissioner's report, which were overruled, and a judgment was entered for defendant for $773.36 on its counterclaim and plaintiff's petition was dismissed. From that judgment the plaintiff appeals.

The plaintiff contends that his supervising architect, Erhart, had no authority to change or abandon the written contract. The fact that Erhart was acting as plaintiff's agent in supervising the work did not authorize him to abrogate the written contract unless he was authorized so to do by his principal, but there is an abundance of evidence to support the chancellor's finding that Erhart was authorized to make the changes complained of by plaintiff. While the plaintiff contends that he at no time authorized Erhart to agree to the changes, he admits that Erhart conferred with him when any question came up and that Erhart had authority to act for him. The evidence also shows that the changes required in the plans and specifications were so extensive that the original contract, particularly as to any limit on the cost of the work, could not be complied with and a radical change therein was necessary. The defendant at the end of each month submitted an itemized list of the cost of the work

done, including labor and materials, and each of these lists include a 10% commission on the cost, which was added to the bill, and these bills were approved by the supervising architect and then examined and paid by the plaintiff. They plainly indicate that they were not made out to conform to the original written contract and plaintiff made no complaint until the work had been completed.

We conclude there was sufficient evidence to authorize the finding of the chancellor and the judgment is affirmed.